**1564**

NATIONAL ELEVATOR INDUSTRY
PENSION WELFARE AND
EDUCATIONAL FUNDS, Plaintiffs,

v.

VIOLA INDUSTRIES, INC., et
al., Defendants.

Civ. A. No. 84–2286–S.

United States District Court,
D. Kansas.

Sept. 3, 1987.

John P. Hurley, Linda Kay Knight, Herman M. Shaffer, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., Joseph P. Boyle, O'Donoghue & O'Donoghue, Philadelphia, Pa., Thomas M. Mullinix, Evans, Mullinix and Jarczyk, Kansas City, Kan., for plaintiffs.

Richard D. Anderson, Jeffrey A. Chanay, Entz, Anderson & Chanay, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion from judgment pursuant to Federal Rule of Civil Procedure 60(b). A short review of the recent proceedings in this case will be helpful in setting the context of the present motion. In a Memorandum and Order dated April 30, 1986, in granting plaintiffs' motion for summary judgment, this court held that "the defendant [Viola Industries, Inc.] remains obligated to report and contribute as per the terms and conditions of the agreement until its expiration in 1987." In the April 30, 1986 opinion, the court also ordered an audit to be performed "to the present." Finally, the order language of the court directed the defendants "to timely and accurately report and pay current contributions to plaintiff plans consistent with their continuing obligations under the existing 1982–87 agreement until its expiration or further order of this court."

Upon reconsideration of this opinion and after a February, 1987 hearing, on May 6, 1987 the court repeated its finding that the defendants were liable to the plaintiffs for contributions continuing "through the present time." The court again ordered the defendants to submit monthly reporting forms to the plaintiffs and to pay monthly contributions based on the hours worked by the covered employees. On June 22, 1987, the plaintiffs submitted a "Proposed Final Journal Entry" in which plaintiffs stated the following:

> The [attached] Journal Entry includes those contributions due the plaintiff as of July 1, 1986. Defendants have failed to file reporting forms as required in the Court's Orders of April 30, 1986 and May 6, 1987. Until defendants follow the Orders of this court, plaintiffs are unable to complete the final journal entry through the current date.

Unfortunately, the actual order signed by the court did not address the time frame for which damages were being awarded,

and a simple reading of the order leads one to believe that it was the final order intended to be issued in this case.

On the contrary, the court's previous orders demonstrate the court's intent to retain jurisdiction over the matter until the defendants have complied with the court's orders regarding the continuing obligation to pay plaintiffs. To the extent that the June 22, 1987 order does not evidence this intent, the court will hereby enter a Nunc Pro Tunc order clarifying the language of that document. The defendants have proceeded in this case under the assumption that the June 22, 1987 order was final and appealable, and they filed their Notice of Appeal on July 21, 1987. The court believes that this appeal is premature and that further proceedings remain for the court in this lawsuit. Specifically, the defendants' contention that it has never complied with the court's several orders of April 30, 1986 and May 6, 1987 because the court has yet to define the appropriate bargaining unit must be addressed. Moreover, the amount of defendants' obligation to plaintiff for the period July 1, 1986 to the termination of the bargaining agreement (which termination the court understands may have already taken place) has yet to be determined. Therefore, this case has not been completed, and to the extent that any order by this court is necessary to bring the proceeding back within the court's jurisdiction, be it under Rule 60(b) or otherwise, then the court shall issue such order. The court admonishes the defendants to proceed with utmost good faith in responding to the directive contained in this Memorandum and Order, as the court perceives a deficiency in prior responses to show cause orders and wishes to avoid citing defendants for contempt of court.

IT IS BY THE COURT THEREFORE ORDERED that the Court's Order dated June 22, 1987 be amended to include the following two sentences immediately preceding the language "AND IT IS SO ORDERED":

> This judgment represents defendants' liability to plaintiffs for the period ending June 30, 1986. An assessment for damages for the period subsequent to June 30, 1986 and continuing to the termination date of the bargaining agreement, including any award of attorney's fees and costs, shall be entered by the court at such future date when these damages shall be determined to be an amount certain.

IT IS FURTHER ORDERED that plaintiffs' motion for relief from judgment be granted. IT IS FURTHER ORDERED that defendants submit the appropriate forms or other documentation that would allow the plaintiffs to determine the contributions due and owing to the present, including forms for shipping clerks and other plant workers who defendants presently claim are not within the appropriate bargaining unit. IT IS FURTHER ORDERED that defendants file a written argument concerning their interpretation of the appropriate bargaining unit, for purposes of determining their continuing liability as directed in the Court's April 30, 1986 and May 6, 1987 orders, on or before September 18, 1987. Plaintiffs shall then have 10 days in which to respond to defendants' brief and to summarize all other requested monetary relief, including outstanding contributions to date, attorney's fees, costs (including audit/accounting costs, if applicable), and any other requested relief, even if plaintiffs have previously submitted a brief on one or more of these elements. Defendants shall then have 10 days in which to reply to plaintiffs' brief.